IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VESTA ELAINE WOLARIDGE
o/b/o ALEXIS S. WHITE, deceased                                                    PLAINTIFF

        v.                    Civil No. 2:11-cv-02195-JRM

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

I.      **Factual and Procedural Background**

Plaintiff, Vesta Elaine Wolaridge, brings this action on behalf of Alexis S. White, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of an unfavorable decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act").

Plaintiff protectively filed her applications on November 13, 2009, alleging a disability onset date of May 29, 2009, due to diabetes mellitus, hypertension, headaches, back disorder, asthma, liver problems, and chronic renal insufficiency. Tr. 17, 63. On the alleged onset date, Plaintiff was seventeen years old, but subsequently turned eighteen on July 20, 2009. Tr. 20. She had a high school education and past relevant work as a carhop. Tr. 20-21, 70.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 25-33. At Plaintiff's request, an administrative hearing was held on January 18, 2011. Tr. 649-686. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on May 9, 2011, finding Plaintiff was not disabled within the meaning of the Act. Tr. 12-22. On

August 18, 2011, the Appeals Council denied Plaintiff's Request for Review, thus making the ALJ's decision the final decision of the Commissioner.  Tr. 6-9.

On September 7, 2011, Plaintiff was found dead in her bathroom, due to what a subsequent autopsy revealed to be diabetic ketoacidosis.  *See* Pl.'s Br. 1.  On October 14, 2011, Plaintiff filed her Complaint with this Court, seeking review of the administrative decision.  ECF No. 1.

**II.     Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)).  In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)).  If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether

the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.     Administrative Decision

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since May 29, 2009, the alleged onset date. Tr. 17. At step two, the ALJ found Plaintiff suffers from the following severe impairments: diabetes mellitus, hypertension, back disorder, and asthma. Tr. 17. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 17.

At step four, the ALJ found Plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently, sit for about six hours and stand/walk for about six hours in an eight-hour workday, and occasionally climb, balance, stoop, kneel, crouch, and crawl. Tr. 17-20. The ALJ found Plaintiff should avoid concentrated exposure to extremes of temperature, dusts, gases, odors, poor ventilation, and hazards, such as heavy machinery and unprotected heights. Tr. 17-20.

With these limitations, the ALJ found Plaintiff could not perform her past relevant work. Tr. 20. However, after receiving vocational expert testimony, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[1] Accordingly, the ALJ determined Plaintiff was not under a disability from May 29, 2009, the alleged onset date, through May 9, 2011, the date of the administrative decision. Tr. 21-22.

**IV.**   **Discussion**

On appeal, Plaintiff contends the ALJ erred by: (A) failing to fully and fairly develop the record; (B) finding Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing; (C) dismissing her subjective complaints; and (D) improperly determining her RFC. *See* Pl.'s Br. 2-12. For the following reasons, the undersigned finds that substantial evidence does not support the ALJ's decision.

Plaintiff alleges that her impairments meet or equal the requirements of Listing § 9.08 (diabetes mellitus).[2] 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.08. The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing. *Johnson v. Barnhart,* 390

---

[1] The ALJ determined Plaintiff could perform the requirements of representative occupations such as counter clerk, of which there are 982 jobs in Arkansas and 108,649 jobs nationally, cashier, of which there are 10,302 jobs in Arkansas and 1,106,092 jobs nationally, and assembly worker, of which there are 11,184 jobs in Arkansas and 657,969 jobs nationally. Tr. 21.

[2] Effective June 7, 2011, the agency no longer evaluates whether a claimant meets a listing for diabetes mellitus. *Revised Medical Criteria for Evaluating Endocrine Disorders,* 76 Fed. Reg. 19692-01 (April 8, 2011).

> We are revising the listings for endocrine disorders because medical science has made significant advances in detecting endocrine disorders at earlier stages and newer treatments have results in better management of these conditions . . . Consequently, most endocrine disorders do not reach listing-level severity because they do not become sufficiently severe or do not remain at a sufficient level of severity long enough to meet our 12-month duration requirement. Therefore, we have determined that, with the exception of children under age 6 who have diabetes mellitus (DM) and require daily insulin, we should no longer have listings in sections 9.00 and 109.00 based on endocrine disorders alone.

*Id.*

F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan v. Zebley,* 493 U.S. 521, 530-31, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990)). To meet a listing, an impairment must meet all of the listing's specified criteria. *Sullivan,* 493 U.S. at 530. Medical equivalence must be based on medical findings. 20 C.F.R. § 416.926(b)(1)(ii) ("We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria."); *Sullivan,* 493 U.S. at 531 ("a claimant . . . must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment").

 To meet Listing § 9.08, Plaintiff must prove the following requirements:

> 9.08 Diabetes Mellitus. With:
> A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C);
> or
> B. Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests (pH or PCO2 or bicarbonate levels);
> or
> C. Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04.

20 C.F.R. pt. 404, subpt. P, app. 1, § 9.08.

 The undersigned is cognizant that the listings have since been revised and the agency no longer evaluates whether a claimant meets a listing for diabetes mellitus. However, at the time of the ALJ's May 9, 2011 decision, Listing § 9.08 was still in effect. Thus, when reviewing the final administrative decision, it is appropriate to consider whether the ALJ properly evaluated Plaintiff's impairments under the prior listing.

 Since Plaintiff's alleged onset date, she was hospitalized on nine separate occasions: May 5, 2009-May 6, 2009; May 28, 2009- June 3, 2009; June 12, 2009-June 13, 2009; June 28, 2009-July 2, 2009; April 24, 2010-April 28, 2010; August 7, 2010-August 10, 2010; December 27, 2010-

December 30, 2010; January 6, 2011-January 9, 2011; and April 3, 2011-April 4, 2011. Tr. 151-153, 161-165, 286-292, 323-324, 354-356, 385-388, 405-406, 525-530, 553-556, 600-601, 607-608, 640-641. Six of those visits, which roughly span a year and a half, are related to diabetic ketoacidosis. Tr. 161-162, 323-324, 385-386, 405-406, 600-601, 607-608, 553-556. Additionally, Plaintiff suffered from chronic renal insufficiency/diabetic nephropathy and various other impairments. Tr. 152, 286-287, 161-162, 385-386, 405-406, 553-556, 600-601, 607-608.

Although Plaintiff's history of chronic diabetic ketoacidosis may not precisely meet the requirements of Listing § 9.08, a medical equivalency analysis was warranted. Here, the ALJ did not mention or discuss any specific listings, simply stating "there are no medical findings that precisely meet or equal the criteria described in any of the listed impairments." Tr. 17. The Eighth Circuit has ruled that an ALJ need not elaborate on whether a claimant meets a listing so long as the record supports his overall conclusion. *Karlix v. Barnhart,* 457 F.3d 742, 747 (8th Cir. 2006). However, in this instance the undersigned cannot conclude that the record supports the ALJ's conclusion. Given Plaintiff's extensive medical treatment history, especially in light of her untimely death from diabetic ketoacidosis, remand for further evaluation is necessary.

On remand, the ALJ should analyze and discuss whether Plaintiff's impairments met or equaled a listing during the relevant time period. If the ALJ finds that Plaintiff's impairments did not meet or equal a listing during the relevant time period, he should reconsider the issue of Plaintiff's RFC, based on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of her own limitations, and issue a new decision. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

## V. <u>Conclusion</u>

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 30th day of January 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE